**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES WESLEY HEISER,

      Petitioner,         Civil No. 2:06-CV-14097

                          HONORABLE MARIANNE O. BATTANI

v.                       UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

      Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

      Charles Wesley Heiser, ("petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence for first-degree home invasion, M.C.L.A. 750.110a(2); two counts of felonious assault, M.C.L.A. 750.82; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

### I. Background

      Petitioner pleaded guilty to the above offenses in the Tuscola County Circuit court as part of a plea bargain. Petitioner was sentenced to eighty four to two hundred and forty months in prison on the first-degree home invasion conviction, eighteen to forty eight months on the felonious assault convictions,

1

Dockets.Justia.com

and received a consecutive twenty four month sentence on the felony-firearm

conviction.  Petitioner's conviction and sentence were affirmed on appeal. *People*

*v. Heiser,* No. 258833 (Mich.Ct.App. February 4, 2005); *lv. den.* 474 Mich. 882;

704 N.W. 2d 466 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the

following ground:

> The trial court violated the Defendant's Sixth and Fourteenth
> Amendment rights by imposing a sentence based upon the scoring
> of facts not proven beyond a reasonable doubt nor admitted by the
> Defendant.

## II. Discussion

The instant habeas petition is subject to summary dismissal, because the

petition on its face fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a

cause of action under federal law or it may summarily be dismissed. *See Perez v.*

*Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are

also authorized to dismiss any habeas petition that appears legally insufficient on

its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is

authorized to summarily dismiss a habeas corpus petition if it plainly appears

from the face of the petition or the exhibits that are attached to it that the

petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d

434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. §

2

2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970); *See also Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner contends that the trial court incorrectly scored Offense Variables 7, 12, 13, and 14 of the Michigan Sentencing Guidelines. Petitioner further alleges that the trial court used facts which had not been proven beyond a reasonable doubt before a jury as a basis for scoring these offense variables. Petitioner claims that his sentencing guidelines range would have been 78 to 130 months had the trial court not assessed points against him for these offense variables.

Petitioner's sentence of eighty four to two hundred and forty months in prison for first-degree home invasion, eighteen to forty eight months for felonious assault, and the consecutive twenty four month sentence for felony-firearm were within the statutory limits for these offenses under Michigan law. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial

3

court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is essentially a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *Cook,* 56 F. Supp. 2d at 797. Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that the offense variables of the Michigan Sentencing Guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752*; Cook,* 56 F. Supp. 2d at 797. "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone does not merit habeas relief. *Id.*

4

Petitioner, however, argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt.

Petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004)*,* in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's argument is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence.  The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines

5

range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14. Michigan's indeterminate sentencing scheme is thus unaffected by the holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely v. Washington*, has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. See *Worley v. Palmer,* 2006 WL 2347615, * 2 (E.D. Mich. August 11, 2006); *Toothman v. Davis,* 2006 WL 2190515, * 2 (E.D. Mich. August 1, 2006); *George v. Burt,* 2006 WL 156396, * 5 (E.D. Mich. January 20, 2006);

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
UNITED STATES DISTRICT COURT

DATED: September 29, 2006